946 F.2d 1565
 292 U.S.App.D.C. 85
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jose Antonio Lacayo MIRANDA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-1052.
 United States Court of Appeals, District of Columbia Circuit.
 May 23, 1991.
 
 Petition for Review of Orders from the Board of Immigration Appeals.
 Before WALD, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the petition for review of orders of the Board of Immigration Appeals and was briefed and argued by counsel. The court is satisfied, after full review of the parties' presentations, that appropriate disposition of the case does not call for a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 ORDERED and ADJUDGED by the court that the petition for review of the decision of the Board of Immigration Appeals be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).
 
 
 4
 Petitioner Jose Antonio Lacayo Miranda, a Nicaraguan national, seeks review of the dismissal by the Board of Immigration Appeals (Board) of his appeal from immigration court orders denying motions to change venue of and to reopen his deportation proceeding. For the reasons set forth below, we deny the petition for review.
 
 
 5
 In August 1985 the petitioner was apprehended by the United States Border Patrol and was detained in Harlingen, Texas. On August 19, 1985 the United States Immigration and Naturalization Service (INS) issued an "Order to Show Cause, Notice of Hearing and Warrant for Arrest of Alien," charging the petitioner with entering the country without inspection in violation of 8 U.S.C. § 241(a)(2). A hearing was set for September 24, 1985 and the petitioner engaged Thelma Garcia, a local lawyer, to represent him in the proceeding.[1] Around September 19, 1985 the petitioner was released from detention and departed for Washington, D.C. where members of his family were residing. Before leaving Harlingen, he signed an affidavit waiving his appearance at the September 24, 1985 hearing, "conced[ing] deportability as charged" and acknowledging that "any application for relief must be filed no later than fourteen (14) days from my scheduled hearing date."[2] When the petitioner arrived in Washington, he contacted New Exodus, Inc., an organization established to assist Nicaraguan and Salvadoran refugees, and was referred to a young Washington lawyer named John O'Leary.
 
 
 6
 On September 24, 1985 O'Leary filed a motion to change venue to Washington, D.C., "conceding deportability" and expressing a desire "to apply for Political Asylum in the United States with all deliberate speed." Administrative Record (AR) 151. According to the petitioner, O'Leary also submitted an application for political asylum, but mistakenly filed it in the Washington, D.C. office of the INS.
 
 
 7
 At the scheduled September 24, 1985 hearing in Harlingen, which neither the petitioner nor his counsel attended, the INS opposed changing venue. By subsequent order,[3] the immigration judge reserved ruling on the motion because no application for relief from deportation had been filed and set a hearing for October 24, 1985 to "address Respondent's Motion on the record along with the merits of the case." AR 144-45. O'Leary apparently received a copy of this order on October 21, 1985, at which time he sent a letter to the immigration judge in Harlingen indicating that a copy of the misfiled application for asylum was attached. There is no evidence, however, that the immigration court ever received a copy of the asylum application purportedly attached.[4] The immigration hearing was held as scheduled on October 24, 1985, with neither the petitioner nor his lawyer in attendance despite their receipt of the order setting the hearing.
 
 
 8
 In June 1987 the petitioner engaged his present lawyer who alleges that on July 1, 1987 he filed a new motion to change venue from Harlingen to Washington, although that motion does not appear in the record and the immigration court has no record of having received it.[5]
 
 
 9
 On August 7, 1987 the immigration judge ordered the petitioner's deportation, finding that by failing to submit a timely application for relief he "abandoned any and all claims for relief from deportation."[6] AR 143.
 
 
 10
 On August 18, 1988 the petitioner's lawyer filed a motion with the immigration judge to reopen the proceeding and to change venue. By order dated August 30, 1988 the judge denied the motion on the grounds that (1) the petitioner had failed to show his previous counsel was ineffective, (2) he had failed to comply with the procedural requirements for reopening, as set forth in Matter of Lozada, Interim Decision No. 3059 (April 13, 1988) (Bd. of Immigration Appeals)[7], and (3) he had failed to submit with his motion an application for asylum as required by 8 C.F.R. § 3.22. The judge concluded: "In view of the undersigned, the Respondent has not set forth a good reason for failing to appear at his deportation hearing. Therefore the Respondent has not met his burden of establishing that the evidence sought to be offered was not available and could not have been discovered or presented at the hearing." AR 141 (citing 8 C.F.R. § 242.22).[8]
 
 
 11
 On September 9, 1988 the petitioner appealed to the Board, arguing ineffective assistance of counsel and asserting the judge's denial was "arbitrary and capricious and an abuse of the Court's discretion." AR 110. In a decision dated June 19, 1989 the Board dismissed the appeal because the petitioner had failed to satisfy the requirements set forth in Matter of Lozada.[9]
 
 
 12
 The petitioner moved for reconsideration of the appeal on October 3, 1989. By decision dated November 8, 1989 the Board denied the motion, noting that "[r]espondent's appeal was denied regarding his motion to reopen before the immigration judge on the ground that he failed to support his claim of ineffective counsel by the standards set out in Matter of Lozada " and finding no error in the immigration judge's refusal to change venue "as there did not appear to be any reason to grant a change of venue." AR 44-45. The Board also observed that the petitioner failed to file "any application for relief from deportation that would warrant reopening of his case." AR 44.
 
 
 13
 The petitioner now seeks review of the Board's decisions dismissing his appeal and denying reconsideration. For the following reasons, we conclude the petition should be denied.
 
 
 14
 First, we agree with the Board that the immigration judge did not err in denying the motion to reopen. This court has previously observed that the INS exercises broad discretion in considering a motion to reopen a deportation hearing and that a petitioner bears a heavy, dual burden in moving for reopening:
 
 
 15
 Although the I & NS regulations specifically allow an alien to assert a claim for asylum in a motion to reopen deportation proceedings, ... the alien's burden becomes significantly heavier at this late date. Specifically, the alien must first demonstrate the existence of a prima facie case of eligibility for asylum.... Even after the alien has cleared this first hurdle, however, the I & NS retains discretionary authority to deny the motion to reopen the deportation proceedings.... Only after an alien has (1) established a prima facie case of eligibility and (2) persuaded the I & NS not to deny the motion on discretionary grounds can the alien succeed in reopening his deportation proceedings.
 
 
 16
 Haftlang v. INS, 790 F.2d 140, 143 (D.C.Cir.1986) (citations omitted, emphasis in original); see also INS v. Rios-Pineda, 471 U.S. 444, 451-52 (1985) (upholding exercise of discretion not to reopen when it "does not involve the unseasoned or arbitrary exercise of discretion" and "the BIA's explanation of its decision was grounded in legitimate concerns about the administration of the immigration laws and was determined on the basis of the particular conduct of respondents"). We find no abuse of discretion in the immigration judge's denial of the motion to reopen.
 
 
 17
 In denying the petitioner's motion, the judge relied in part on his failure to comply with 8 C.F.R. § 3.22(b), which requires that "[a]ny motion to reopen for the purpose of acting on an application for relief must be accompanied by the appropriate application for relief and all supporting documents." We find this ground a sufficient basis for denying the petitioner's motion.[10] There is no proof in the record that O'Leary submitted an asylum application to the Harlingen court in October 1985, as claimed, or indeed that such a document was ever filed with that court. We therefore conclude the immigration judge acted within his discretion in denying the motion to reopen and the Board properly dismissed the appeal of that denial.
 
 
 18
 We also perceive no abuse of discretion in the judge's denial of the three motions to change venue and, accordingly, approve the Board's dismissal of the appeal in this regard as well. Under INS regulations, the immigration judge has discretion to grant a change of venue upon a showing of "good cause." 8 C.F.R. § 3.19(b); Maldonado-Perez v. INS, 865 F.2d 328, 335 (D.C.Cir.1989). The petitioner's first venue motion, filed by O'Leary in September 1985, failed to satisfy this standard because it set forth no cause, good or otherwise, for changing venue. Nor can good cause be inferred from the second motion, allegedly filed by present counsel in July 1987, since that motion is not in the record.[11] Finally, the third motion could not avail the petitioner as it was not filed until August 18, 1988, long after the final decision had issued when there was no longer an open proceeding to be moved.
 
 
 19
 For the preceding reasons, the petition for review is Denied.
 
 
 
 [1]
 The petitioner alleges that he hired Garcia "for the sole and exclusive purpose of obtaining his release from detention and permission from the INS to travel to Washington, D.C." Brief for Appellant at 4
 
 
 [2]
 The petitioner asserts he could not read English and did not understand the contents of the document
 
 
 [3]
 The order is dated simply October 1985
 
 
 [4]
 To this day no copy of the asylum application appears in the administrative record
 
 
 [5]
 During the appeal to the Board, the petitioner did file certified mail receipts showing that the Harlingen immigration court accepted delivery of something on July 6, 1987. A.R. 80, 132
 
 
 [6]
 The petitioner's counsel states he was unaware of this order until the summer of 1988 when he telephoned the Harlingen immigration court concerning the 1987 motion to change venue and was informed the court had no record of the motion and that a deportation order had already issued
 
 
 [7]
 In Lozada, the Board stated:
 A motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts.... Furthermore, before allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.
 Interim Decision No. 3059 at 4.
 
 
 [8]
 Section 242.22 provides in part: "A motion to reopen will not be granted unless the immigration judge is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing."
 
 
 [9]
 The Board stated:
 In a recent decision, In re Lozada, Interim Decision 3059 (BIA 1988), we listed the requirements for a motion to reopen based upon a claim of ineffective counsel. These are: (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that the representative whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflects whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of the counsel's ethical or legal responsibilities, and if not why not. Matter of Lozada, supra at 4.
 In this case, the respondent has met none of these requirements and we find the immigration judge's denial of respondent's motion to reopen proper and correct.
 AR 47-48.
 
 
 [10]
 Accordingly, we do not consider the agency's alternative ground that the petitioner failed to satisfy the requirements set forth in Lozada
 
 
 [11]
 We note also that this motion was untimely, coming as it did some twenty months after the October 1985 hearing on the first motion and on the merits, of which the petitioner had notice